IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FRANK D. PALUMBO, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:11-CV-2466-RWS-SSC |
| SANFORD I. WEILL, et al., : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

This case is before the Court on Plaintiff's Motion for Relief from Order Granting Non-Parties' Motion to Quash and Denying Plaintiff's Motion to Compel [11] and Plaintiff's Amended Motion for Fraud Upon the Court by Attorneys [13]. After reviewing the record, the Court enters the following Order.

## Discussion

### I.  Motion for Relief from Order Granting Non-Parties' Motion to Quash and Denying Plaintiff's Motion to Compel [11]

Plaintiff asks the Court for relief from an Order [9] issued by Magistrate Judge Cole on March 28, 2012, quashing two subpoenas from Plaintiff to SunTrust and other non-parties (collectively, "SunTrust Defendants"), and

denying Plaintiff's motion to compel. Judge Cole quashed Plaintiff's subpoenas for two primary reasons. First, the civil action that was purportedly the civil action to which the subpoenas related was concluded well over ten years ago. (Order, Dkt. [9] at 8.) Judge Cole found that "implicit in Rule 45 is the requirement that the information sought by way of a subpoena would relate to issues that are in controversy in litigation pending at the time of the issuance of the subpoena." (Id. at 8-9.) Second, it appeared to Judge Cole that by filing the subpoenas, Plaintiff was violating an Order of a Florida Probate Court Judge.[1]

In her Order, Judge Cole acknowledged that SunTrust Defendants had not timely filed objections to Plaintiff's second subpoena as required by Rule 45(c)(2)(B). (Order, Dkt. [9] at 10.) However, she noted, "in unusual circumstances and for good cause, the failure to act timely may not bar consideration of objections." (Id. (quoting Am. Standard, Inc. V. Humphrey,

---

[1] Plaintiff's subpoenas commanded "James Wells, III, Chairman & Chief Executive Officer Sun[]Trust" to produce a cancelled check payable to Plaintiff from the Estate and Revocable Trust of Joseph F. Santoiana, Jr. However, a Florida Probate Court had already ruled that Plaintiff was not a beneficiary of the Santoiana estate and barred Plaintiff from filing any further pleadings with respect to the estate. (Order, Dkt. [9] at 3.)

2

No. 3:06-CV-893-J-32MCR, 2007 U.S. Dist. LEXIS 45462, at *10-11 (M.D. Fla. June 22, 2007).  Given the "unusual circumstances" of this case and the fact that SunTrust Defendants had raised the same objections to Plaintiff's first subpoena, which sought the same cancelled check as the one sought in the second subpoena, Judge Cole decided to consider SunTrust Defendants' objections to the second subpoena.  (Id. at 11.)

Plaintiff seeks relief from Judge Cole's Order under Federal Rules of Civil Procedure ("Rules") 60(b)(3) and 60(b)(4).  Under Rule 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [or] (4) the judgment is void."

"To obtain relief under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct."  Watson v. Lake Cnty., 492 Fed. App'x 991, 995 (11th Cir. 2012).  "The moving party must also demonstrate that the alleged conduct prevented them from fully presenting his or her case."  Id.  "Only the most egregious misconduct, such as bribery of a

3

Judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the Court." Rozier v. Ford Motor Company, 573 F.2d 1332, 1338 (5th Cir. 1978).[2]

Plaintiff also cites Rule 60(b)(4) in his motion for relief. "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Harris v. Corrections Corp. of America, 433 Fed. App'x 824, 824 (11th Cir. 2011) (quoting Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001)). SunTrust Defendants argue that none of the allegations in Plaintiff's motion give rise to relief under either 60(b)(3) or 60(b)(4). (Non-Parties' Resp., Dkt. [12] at 9-10. The Court agrees.

Plaintiff's motion is largely an attempt to reargue issues already decided in Judge Cole's Order. Plaintiff alleges that "the law firm of Hawkins Parnell Thackston & Young [is] conspiring with persons who are trying to extort money." (Pl.'s Mot. for Relief, Dkt. [11] at 13.) This is the only allegation against SunTrust Defendants' counsel. Plaintiff's conclusory statement does

---

[2] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

not provide "clear and convincing evidence" that a fraud was committed on this Court as required under Rule 60(b)(3).

Plaintiff's theory for relief under Rule 60(b)(4) is entirely unclear. He simply appears to disagree with the outcome of Judge Cole's Order. He has not alleged lack of jurisdiction or any due process violations. Therefore, Plaintiff's Motion for Relief under Rule 60(b)(3) and 60(b)(4) is **DENIED.**[3]

## II.     Amended Motion for Fraud Upon the Court by Attorneys [13]

In his amended motion for relief from Judge Cole's Order under Rules 60(b)(3) and 60(b)(4), Plaintiff claims that he has uncovered new evidence related to the administration of the Estate and Trust of Joseph S. Santoiana, Jr. That estate matter was administered in Florida Probate Court and closed in 2003. (Pl.'s Am. Mot. for Relief, Dkt. [13] at 1-2; see also Order, Dkt. [9] at 2-

---

[3] To the extent Plaintiff is seeking reconsideration of Judge Cole's Order, Plaintiff's motion for relief from the Order is still denied. Under the Local Rules of this Court, "motions for reconsideration shall not be filed as a matter of routine practice." L.R. 7.2(E). They should be submitted only when "absolutely necessary." Id. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). Plaintiff has not presented any new, relevant evidence or law. Without any new pertinent information, motions for reconsideration are not opportunities to reargue issues that have already been resolved. That is precisely what Plaintiff is attempting to do here and therefore, reconsideration is not warranted.

5

3.) Again, Plaintiff has failed to satisfy the requirements for 60(b)(3) relief. He has not presented clear and convincing evidence that opposing counsel committed fraud on this Court. He also has not made any allegations to warrant relief under Rule 40(b)(4). Plaintiff is simply attempting (again) to reargue issues that were decided against him in Judge Cole's Order. Therefore, for the same reasons his initial motion for relief is denied, his amended motion is **DENIED.**

### III.    SunTrust Defendants' Request for a Protective Order

SunTrust Defendants and their counsel have requested a protective order barring any further pleadings by Plaintiff related to this matter in this Court and barring further contact (by telephone or in person) regarding this matter with the SunTrust Defendants and their undersigned counsel. The Court will grant Defendants' request.

A review of Plaintiff's motions in this case reveals a consistent pattern of frivolous filings and attempts to re-litigate issues already decided against him. In her March 28, 2012 Order, Judge Cole denied a similar request by SunTrust Defendants' for a protective order. (Order, Dkt. [9] at 12 n.8). However, Judge Cole noted that reconsideration of the issue may be warranted in the future.

6

(Id.) Plaintiff has since filed two frivolous motions for relief from Judge Cole's Order.

The only matters that have been before this Court relate to Plaintiff's subpoenas to SunTrust Defendants (i.e., motions to quash Plaintiff's subpoenas [1] and Plaintiff's motions to compel SunTrust Defendants to produce documents under the subpoenas [4, 6]).  These matters were resolved in SunTrust Defendants' favor on March 28, 2012, and the case was terminated on that same day.  The subpoenas at issue relate to actions that have never been before this Court.  Those cases were decided against Plaintiff in other jurisdictions some time ago.

The Eleventh Circuit recognizes this Court's authority to impose restrictions on Plaintiff's ability to file.  See generally Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986) (outlining potential restrictions).  As Procup explained: "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. . . .  The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." Id. at 1073-74 (internal citations omitted).

7

The Court finds that it is necessary, to protect the Court's jurisdiction and others' ability to access the judicial process, to enjoin Plaintiff from making future filings in this case and from contacting SunTrust Defendants or their counsel regarding this matter. Accordingly, the Court hereby **ENJOINS** Plaintiff from making future filings in this case and from contacting Defendants or Defendants' counsel regarding this closed matter. If Plaintiff wishes to make a filing in this case, he must submit a Petition for Leave to File, along with a proposed document for filing and a copy of this Order, to this Court for consideration.

The Clerk is hereby **DIRECTED** that if Plaintiff submits such a Petition, the Clerk shall forward the Petition and accompanying documents to the undersigned for consideration. The Clerk is further **DIRECTED** not to docket a filing in such circumstances until this Court issues an Order so directing. If Plaintiff fails to comply with this Order by submitting a document for filing without a Petition and copy of this Order, the Clerk is **DIRECTED** to return the document to Plaintiff.

## Conclusion

Based on the foregoing, Plaintiff's Motions for Relief [11, 13] are **DENIED** and Plaintiff is **ENJOINED** from making future filings in this case and from contacting SunTrust Defendants or their counsel regarding this case, except in accordance with this Order.

**SO ORDERED**, this  18th  day of March, 2013.

_____
**RICHARD W. STORY**
United States District Judge